UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MADRIAGA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | Case No. 23-cv-06184-JD<br><br>**ORDER GRANTING LEAVE TO AMEND AND REMANDING CASE** |

This is an action by plaintiffs Joel and Melinda Madriaga against United Airlines. Dkt. No. 1-2. Joel Madriaga alleged that he was working at San Francisco International Airport as an employee of non-party AMB Aviation, when he was injured by a ramp truck that was being operated by United Airlines and unknown Doe defendants. *Id.* ¶ 9. United removed the case, invoking the Court's diversity jurisdiction. Dkt. No. 1.

Plaintiffs have requested to amend their complaint to add factual allegations and to substitute Mohammed Mountassir and Jill Conte for DOE 1 and DOE 2, respectively. Dkt. No. 23. Plaintiffs' proposed amended complaint specifically alleges that United and Mountassir struck Joel Madriaga. Dkt. No. 23, Ex. 1 ¶ 11. Conte is alleged to have been Mountassir's supervisor. *Id.* ¶ 25; Dkt. No. 23 at 1. Mountassir and Conte are alleged to be citizens of California, which is true of both plaintiffs as well. Dkt. No. 23, Ex. 1 ¶¶ 1, 2, 6, 7. In other words, if Mountassir and Conte are joined as defendants to this case, there will no longer be complete diversity of citizenship, and thus no basis for exercising the Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1), as alleged in United's notice of removal. Dkt. No. 1 ¶ 6.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

action to the State court." 28 U.S.C. § 1447(e).  In this circumstance, the Court finds it appropriate to exercise its discretion to permit the requested joinder and remand the action.  The case is still in the early stages of litigation.  And although United states that it is "undisputed that United's employees were within the course and scope of their employment," Dkt. No. 25 at 11, plaintiffs would be unwise to bank on such a representation in a brief opposing an amendment request.  Finally, United acknowledges that the statute of limitations would "preclude[] an original action against the United employees in state court," such that relief against the United employees needs to be sought in this action or will not be available at all.  *Id.*

Plaintiffs' request to add California defendants Mountassir and Conte, and to add to the factual allegations in their complaint, Dkt. No. 23, is granted pursuant to 28 U.S.C. § 1447(e) and Rule 15 of the Federal Rules of Civil Procedure.  The first amended complaint, Dkt. No. 23, Ex. 1, is deemed filed, and the case is ordered remanded to the Superior Court of California for San Mateo County.

**IT IS SO ORDERED.**

Dated:  July 3, 2024

JAMES DONATO
United States District Judge